# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TODD A. SHAMBLIN and DAWN SHAMBLIN,  Plaintiffs,  v.  CHESAPEAKE ENERGY CORPORATION, CHESAPEAKE APPALACHIA, LLC, NOMAC DRILLING, LLC, GENE D. YOST & SON, INC., YOST DRILLING, LLC, HODGES TRUCKING COMPANY, LLC, and GREAT PLAINS OILFIELD RENTAL, LLC,  Defendants. | CIVIL ACTION NO. 3:12-cv-0089  (JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before the Court is the Notice of Removal by Defendants Chesapeake Energy Corporation, Chesapeake Appalachia, LLC, Nomac Drilling, LLC, Gene D. Yost & Son, Inc., Yost Drilling, LLC, Hodges Trucking Company, LLC, and Great Plains Oilfield Rental, LLC. Because the Notice of Removal fails to establish that the Court has subject matter jurisdiction over this action, it will be remanded to state court unless the Defendants can show that diversity jurisdiction is proper.

## **I. Background**

Plaintiffs originally filed this action in the Court of Common Pleas of Bradford County, Pennsylvania on December 1, 2011. In their Complaint, Plaintiffs bring a state law tort action alleging negligence and loss of consortium arising out of an injury suffered by Todd Shamblin while working at a natural gas well drilling site. On January 13, 2012, Defendants removed the action to the Middle District of Pennsylvania.

In their notice of removal, the Defendants aver that complete diversity exists in this action as: (1) "Plaintiffs aver that they were citizens of the State of West Virginia"; (2) "Chesapeake Energy Corporation is incorporated in Oklahoma and has its principal place of business in Oklahoma City, Oklahoma"; (3) "Chesapeake Appalachia, L.L.C. is an Oklahoma limited-liability company and has its principal place of business in Oklahoma City, Oklahoma"; (4) "Nomac Drilling, L.L.C. is an Oklahoma limited-liability company and has its principal place of business in Oklahoma City, Oklahoma"; (5) "Yost, LLC (Incorrectly Identified as Yost Drilling, LLC)[1] and . . . Gene D. Yost & Sons, Inc. were both Oklahoma entities with principal places of business in Oklahoma City, Oklahoma" who merged into Yost, LLC, "an Oklahoma limited-liability company, with its principal place of business in Oklahoma City, Oklahoma"; (6) "Nomac Drilling L.L.C. and Defendant Yost, L.L.C.) (incorrectly Identified as Yost Drilling, L.L.C.) merged" into "Nomac Drilling, L.L.C., an Oklahoma limited-liability company, with its principal place of business in Oklahoma City, Oklahoma"; (7) "Hodges Truck Company, L.L.C. is an Oklahoma limited-liability company, and has its principal place of business in Oklahoma City, Oklahoma"; and (8) "Great Plains Oilfield Rental, L.L.C. is an Oklahoma limited-liability company, and has its principal place of business in Oklahoma City, Oklahoma." Notice of Removal ¶¶ 2-9 (Doc. 1).

---

[1] Plaintiffs originally named "Yost Drilling, LLC" in their complaint, but in the Notice of Removal, Defendants changed the caption to instead include "Yost, LLC." However, Defendants may not unilaterally change the parties by altering the caption. In their brief in opposition to Defendants' motion for summary judgment, Plaintiffs object to the change and assert that Yost Drilling, LLC is the proper Defendant. Further, they submitted evidence of public records from the Pennsylvania Department of State confirming that Yost Drilling, LLC is an active entity. Pl. Opp. Br., Ex. D. Thus, Yost Drilling, LLC is currently a Defendant in this case, not Yost, LLC. If Defendants seek to substitute Yost, LLC, they must file a motion and present evidence as to why substitution would be proper.

2

## II. Analysis

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). The removing Defendants allege that the Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332. Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of $75,000 and is between citizens of different states. In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state than each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Of course, "[t]he person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

In this case, the Plaintiff's Complaint fails to demonstrate the requirements of federal subject matter jurisdiction because it insufficiently alleges the citizenship of the five Limited Liability Companies–Chesapeake Appalachia, LLC, Nomac Drilling, LLC, Yost Drilling, LLC,[2] Hodges Trucking Company, LLC, and Great Plains Oilfield Rental, LLC. "The citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) (affirming that the citizenship of an artificial entity depends on the citizenship of all its members);1 *Federal Procedure, Lawyers Edition* § 1:176 (2011). Where one or more of an LLC's members is itself another LLC, the citizenship of each LLC must be determined by "trac[ing] through however many layers of partners or members there may be." *Zambelli Fireworks*, 592 F.3d at 420. Therefore, as the Notice of Removal fails to allege facts regarding the citizenship of the members of any of the five LLC Defendants, the Court cannot determine that diversity jurisdiction applies to these entities.

### III. Conclusion

Because the removing Defendants have not shown that there is complete diversity of citizenship between the parties, the Court cannot determine whether subject matter jurisdiction exists, and the matter is subject to dismissal under Federal Rule of Civil Procedure Rule 12(h)(3). However, pursuant to 28 U.S.C. § 1653, Defendants may be given the opportunity to demonstrate that diversity jurisdiction exists. *See USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 204 (3d Cir. 2003) (noting that Section 1653 gives district courts "the

---

[2] As noted above, Defendants failed to provide any allegations of citizenship regarding Yost Drilling, LLC, but rather asserted the citizenship of Yost, LLC. Defendants' amended notice of removal must address the citizenship of Yost Drilling, LLC.

power to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts"). As such, the moving Defendants will have twenty-one days in which to file an amended notice of removal.  Failure to do so will result in the action being remanded to the Court of Common Pleas.  An appropriate order follows.


 April 25, 2012                                                                  /s/ A. Richard Caputo
Date                                                                                      A. Richard Caputo
                                                                                               United States District Judge

5