## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TODD A. SHAMBLIN and DAWN
SHAMBLIN,

    Plaintiffs,

          v.

CHESAPEAKE ENERGY
CORPORATION, CHESAPEAKE
APPALACHIA, LLC, NOMAC DRILLING,
LLC, GENE D. YOST & SON, INC.,
YOST, LLC, HODGES TRUCKING
COMPANY, LLC, and GREAT PLAINS
OILFIELD RENTAL, LLC,

    Defendants.

CIVIL ACTION NO. 3:12-CV-0089

(JUDGE CAPUTO)

### MEMORANDUM

Presently before the Court is Motion to Dismiss Under Rule 12(b)(6) by Defendants Nomac Drilling, LLC, Gene D. Yost & Son, Inc., and Yost, LLC. Because there is insufficient evidence at the motion to dismiss stage to determine the identity of Plaintiff Todd Shamblin's employer, the motion will be denied in part. But because Gene D. Yost & Son, Inc. and Yost, LLC are incapable of being sued, the motion will be granted in part.

### I. Background

The facts as alleged in the complaint are as follows:

Plaintiff Todd Shamblin worked at a natural gas well drilling site in Towanda, Bradford County, Pennsylvania. The site was owned, managed, controlled, supervised, and operated by Defendants Chesapeake Energy Corporation and/or Chesapeake Appalachia, LLC. The drilling work at the site was performed and supervised by Defendants Nomac Drilling, LLC, Gene D. Yost & Son, Inc., and/or Yost, LLC.

On December 15, 2009, Mr. Shamblin had a serious accident while working at the site. Mr. Shamblin was moving a sheave block pulley from the drilling rig across a metal catwalk when the catwalk collapsed underneath him. The catwalk had been installed, maintained, and repaired by Defendants Hodges Trucking Co., LLC and Great Plains Oilfield Rental, LLC.

As a result of the accident, Mr. Shamblin sustained severe and permanently disabling injuries to his right hand. These injuries included, but were not limited to, a closed fracture of the phalanges of the right hand and an open fracture of the distal phalanx. Due to the seriousness of Mr. Shamblin's injuries, his right fourth digit was amputated at the distal phalangeal level. He additionally suffered multiple complications that required surgeries and may require additional surgeries and treatment in the future. Since the accident, Mr. Shamblin's wife, Plaintiff Dawn Shamblin, has been deprived of her husband's love, companionship, comfort, affection, society, moral guidance, intellectual strength, and physical assistance.

All Defendants breached their respective duties of care to Mr. Shamblin, and this was the proximate cause of his injuries. The Defendants, among other things, knew or should have known that workers on the site would need to carry heavy materials across the catwalk and that the catwalk was not safe or adequate.

On December 1, 2011, the Plaintiffs filed suit against the Defendants in the Bradford County Court of Common Pleas. The complaint contains four counts: in Count One, Mr. Shamblin asserts a negligence claim against Chesapeake Energy Corp. and Chesapeake Appalachia, LLC; in Count II, Mr. Shamblin asserts a negligence claim against Nomac Drilling, LLC, Gene D. Yost & Son, Inc., and Yost, LLC; in Count III, Mr. Shamblin asserts

2

a negligence claim against Hodges Trucking Co., LLC and Great Plains Oilfield Rental, LLC; and in Count IV, Ms. Shamblin asserts a loss of consortium claim against all Defendants. Defendants removed the case to federal court on January 13, 2012; they filed an amended notice of removal to properly allege jurisdiction on May 16, 2012.

Defendants filed the instant motion to dismiss on January 20, 2012. The motion has been fully briefed and is ripe for disposition.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). The pleading standard of Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," but "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1959 (2009) (quoting *Twombly*, 550 U.S. at 555). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

Thus, when determining the sufficiency of a complaint, a court must undertake a three-part inquiry. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). The inquiry

3

involves: "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

### III. Analysis

Defendants move to dismiss on two grounds. First, they argue that Nomac Drilling, LLC is immune from suit under the Pennsylvania Workers' Compensation Act, 77 Pa. Stat. Ann. § 1 *et seq.* Second, they argue that the claims against Gene D. Yost & Son, Inc. and Yost, LLC must be dismissed because these two companies are incapable of being sued.

### A. Pennsylvania Worker's Compensation Act

Defendants argue that because Nomac was Mr. Shamblin's employer, the Pennsylvania Workers' Compensation Act is Mr. Shamblin's exclusive remedy against the company. The Pennsylvania Workers' Compensation Act "grants employees the right to a fixed level of compensation for work-related injuries and, in return, exempts their employers from common law liability for negligence." *Claudio v. MGS Mach. Corp.,* 798 F. Supp. 2d 575, 580 (E.D. Pa. 2011) (quoting *Mathis v. United Eng'rs & Constructors, Inc.,* 554 A.2d 96, 101 (Pa. Super. Ct. 1989)). "Where an employee's injury is compensable under the Act, the compensation provided by the statute is the employee's exclusive remedy against his or her employer." *Black v. Labor Ready, Inc.,* 995 A.2d 875, 876 n.3 (Pa. Super. Ct. 2010) (quoting *Albright v. Fagan,* 671 A.2d 760, 762 (Pa. Super. Ct. 1996)); *see also* 77 Pa. Stat. Ann.

4

§ 481(a) ("The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes [sic], his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in [the Act]."). Here, Mr. Shamblin's injury falls within the purview of the Act because it arose "in the course of his employment" and does not fall under any of the exceptions to the Act.[1] *See* 77 Pa. Stat. Ann. § 411.

Because there is no basis for dismissal on the face of the complaint, Defendants' motion to dismiss the claims against Nomac will be denied. The complaint does not contain any allegations that Nomac–or any of the Defendants–was Mr. Shamblin's employer. The Plaintiffs deny that Nomac was Mr. Shamblin's employer.[2] But this type of factual determination is inappropriate at the motion to dismiss stage. Discovery may reveal that Nomac was Mr. Shamblin's employer, and Nomac will then be free to move for summary judgment in its favor. For now, it is premature to dismiss any claims based on the Pennsylvania Workers' Compensation Act.

---

[1] Injuries excepted from coverage under the Act are those "caused by an act of a third person intended to injure the employe [sic] because of reasons personal to him, and not directed against him as an employe or because of his employment" and "injuries sustained while the employe is operating a motor vehicle provided by the employer if the employe is not otherwise in the course of employment at the time of injury." 77 Pa. Stat. Ann. § 411(1).

[2] Plaintiffs present evidence regarding the identity of Mr. Shamblin's employer, but it cannot be considered at the motion to dismiss stage. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (noting that on a motion to dismiss, a court may consider only the pleadings, allegations in the complaint, exhibits attached to the complaint, matters of public record, and "undisputedly authentic" documents attached by the defendant that form the basis of the plaintiff's claim).

**B. Suit Against Defunct Corporate Entity**

Defendants next argue that Gene D. Yost, Inc. and Yost, LLC are not capable of being sued. Defendants present public records of two mergers: (1) Gene D. Yost & Son, Inc. merged with Yost, LLC on October 12, 2011, with Yost, LLC as the surviving company; and (2) Yost, LLC merged with Nomac Drilling, LLC on October 20, 2011, with Nomac as the surviving company. Because of these mergers, Defendants argue, the liabilities of Gene D. Yost & Son, Inc. and Yost, LLC have transferred to the surviving company, Nomac Drilling, LLC.

Federal Rule of Civil Procedure 17 addresses whether a party is capable of suing or being sued. Rule 17(b)(3) states that a corporation's capacity to sue or be sued is determined "by the law under which it was organized." Rule 17 does not specifically address a limited liability company's capacity to sue or be sued, but Rule 17(b)(3) states that for parties that are not individuals or corporations, capacity is determined "by the law of the state where the court is located." Because limited liability corporations are neither individuals nor corporations, the law of the forum state–here, Pennsylvania–applies to determine Yost, LLC's capacity to be sued. *See, e.g., Albers v. Guthy-Renker Corp.*, 92 F. App'x 497, 499 (9th Cir. 2004); *In re Dairy Farmers of Amer., Inc. Cheese Antitrust Litig.*, 767 F. Supp. 2d 880, 892 (N.D. Ill. 2011); *Ass'n of Merger Dealers, LLC v. Tosco Corp.*, 167 F. Supp. 2d 65, 72 (D.D.C. 2001).

Defendants' motion to dismiss the claims against Gene D. Yost & Son, Inc. and Yost, LLC will be granted. Because Gene D. Yost & Son, Inc. is an Oklahoma corporation, Oklahoma law applies to determine its capacity to be sued. Oklahoma law dictates that in

6

a merger or consolidation, "all debts, liabilities and duties of the respective constituent corporations, from that time forward, shall attach to said surviving or resulting corporation, and may be enforced against it to the same extent as if said debts, liabilities and duties had been incurred or contracted by it." 18 Okla. Stat. Ann. § 1088. Therefore, when Gene D. Yost & Son, Inc. merged with Yost, LLC, the latter took on the former's liabilities. Turning to Yost, LLC's liability, Pennsylvania law requires that in a merger or consolidation between limited liability companies, "[t]he surviving or new company shall thenceforth be responsible for all the liabilities of each of the companies so merged or consolidated." 15 Pa. Cons. Stat. Ann. § 8959. Thus, Nomac Drilling, LLC became responsible for Yost, LLC's liabilities upon the merger of the two limited liability companies. For these reasons, neither Gene D. Yost & Son, Inc. nor Yost LLC is capable of being sued, and the claims against them must be dismissed.

### III. Conclusion

For the reasons stated above, Defendants' motion to dismiss will be granted in part and denied in part. An appropriate order follows.

<br>

| | |
|---|---|
| _May 25, 2012_ | _/s/ A. Richard Caputo_ |
| Date | A. Richard Caputo |
| | United States District Judge |