**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TODD A. SHAMBLIN and DAWN SHAMBLIN, | CIVIL ACTION NO. 3:CV-12-089 |
| Plaintiffs, | (JUDGE CAPUTO) |
| v. | |
| CHESAPEAKE ENERGY CORPORATION, CHESAPEAKE APPALACHIA, LLC, NOMAC DRILLING, LLC, HODGES TRUCKING COMPANY, LLC, GREAT PLAINS OILFIELD RENTAL, LLC, | |
| Defendants. | |

## MEMORANDUM

Before the Court are several motions *in limine* filed by both parties (Docs. 56, 58, 59, 61, 62, 63, and 66) and Defendants' Motion to Bifurcate the Issue of Workers' Compensation Immunity (Doc. 45).

### I. Relevant Background

An extensive factual background of this case is unnecessary here.  Plaintiffs Todd Shamblin ("Shamblin") and Dawn Shamblin assert claims for negligence and loss of consortium against Defendants Chesapeake Energy Corporation, Chesapeake Appalachia, L.L.C., and Nomac Drilling L.L.C. ("Defendants").  On December 15, 2009, Shamblin was moving a sheave block pulley from a drilling rig across a metal catwalk when the catwalk collapsed underneath him.  (Doc. 37, "*Defs.' SMF*," ¶ 1, Ex. A; Doc. 39, "*Plfs.' Answer*," ¶ 1.)  It is undisputed that Shamblin was injured while acting within the course and scope of his employment. (*Defs.' SMF*, ¶ 2; *Plfs.' Answer*, ¶ 2.)

Defendants' motion to bifurcate and the motions *in limine* filed in advance of trial are discussed below.

## II. Discussion

**A.  Defendants' Motion to Bifurcate the Issue of Workers' Compensation Immunity (Doc. 45)**

Defendants move to bifurcate the issue of workers' compensation immunity from the remaining issues in litigation pursuant to Federal Rule of Civil Procedure 42(b). They want the issue of workers' compensation immunity to be determined at a non-jury hearing.

Federal Rule of Civil Procedure 42(b) provides that:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42(b).

The decision to bifurcate is a "matter to be decided on a case-by-case basis and must be subject to an informed discretion by the trial judge in each instance." *Lis v. Robert Packer Hosp.*, 579 F.2d 819, 824 (3d Cir.1978). In exercising its discretion, the court "must weigh the various considerations of convenience, prejudice to the parties, expedition and economy of resources." *Emerick v. U.S. Suzuki Motor Corp.*, 750 F.2d 19, 22 (3d Cir. 1984). The moving party bears the burden of establishing that bifurcation is appropriate. *Innovative Office Prods., Inc. v. Spaceco, Inc.*, No. 50–04037, 2006 WL 1340865 at *1 (E.D. Pa. May 15, 2006) (citing *Spectra–Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal.1992).

Here, the parties agree that the issue of whether an employer-employee relationship exists, the sole issue in determining whether an entity has workers' compensation immunity, is a question of law, based on findings of fact. *See JFC Temps, Inc. V. Workmen's Comp. Appeal Bd.*, 680 A.2d 862, 864, 545 Pa. 149, 153 (Pa. 1996). Even if, as Defendants assert, bifurcating the issue of worker's compensation immunity would not infringe on any

federal right to a jury trial, it is not clear how bifurcation would expedite the hearings, preserve judicial resources, or serve the convenience of both parties and the Court in a meaningful way. In addition, the issue of risk prejudice to the parties is equivocal. Therefore, Defendants' motion to bifurcate will be denied.

**B.	Defendants' Motion *in Limine* to Preclude Testimony of Rosalyn Pierce and Strike Her Report (Doc. 56)**

Defendants move under Federal Rule of Evidence 702(b) to preclude the testimony of Rosalyn Pierce and to strike her report. Rosalyn Pierce is a licensed professional counselor. As Defendants note, she is not a medical expert and does not purport to be one.

Federal Rule of Evidence 702 provides that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Defendants argue that because Shamblin has been cleared to return to work by his treating physician, there is no dispute as to his capacity to return to work, and therefore Pierce's opinions as to the vocational implications of his injury are based on a faulty premise "due to her reliance on outdated medical evidence." (Doc. 58, 2). In their pretrial memorandum, Plaintiffs assert that Ms. Pierce "will explain that although Mr. Shamblin has returned to full time gainful employment, he is limited" in various respects regarding the tasks he can perform. Ms. Pierce will further opine on the wage loss that he will incur over the course of his work life.

Defendants fail to advance a sufficient reason to exclude Pierce's testimony under Fed. R. Evid. 702(b). The fact that Ms. Pierce is not a medical doctor and that Shamblin was cleared for return to work does not alter this conclusion. *See, e.g. Brewer v. Cuyahoga*

*Valley Ry. Co.*, No. 1:03 CV 0434, 2004 WL 5508630, at *1 (N.D. Ohio Oct. 14, 2004) ("While making objective medical findings and diagnoses may be medical issues, once an individual's capabilities are defined, matching those abilities to a particular occupation is not a medical matter or opinion. In fact, this is precisely the work of a vocational expert."). Therefore, Defendants' motion to preclude testimony of Rosalyn Pierce and strike her report will be denied.

**C.     Defendants' Motion *in Limine* to Preclude Evidence that Nomac Drilling, LLC Was Not Plaintiff's Employer (Doc. 58)**

Defendants argue that under the test regarding the employer-employee relationship established in *Brookhaven Baptist Church v. Workers' Compensation Appeal Board (Halverson)*, 590 Pa. 282, 291, 912 A.2s 770, 776 (Pa. 2006),[1] it is "clear that Nomac was Plaintiff's employer," and thus any evidence to the contrary is irrelevant and would only serve to confuse the jury and prejudice Defendants.  Defendants state that "if Plaintiffs refuse to yield" on the issue of introducing evidence of workers' compensation documents, "Defendants must be permitted to testify as to the amounts paid to Plaintiff in the workers compensation action."  (Doc. 60, 5).  Defendants provide no support for this assertion. Defendants' Motion to preclude evidence that Nomac Drilling L.L.C. is not Shamblin's employer will be denied, as this evidence is relevant to the issue of the identity of Shamblin's employer.

---

[1]     " The Act defines an 'employe[e]' as including '[a]ll natural persons who perform services for another for a valuable consideration, exclusive of persons whose employment is casual in character and not in the regular course of the business of the employer....' 77 P.S. § 22.  Three specific elements of this definition are key to the present analysis . . . . These elements are: (1) the presence of valuable consideration; (2) whether the employment was casual in character; and (3) whether the employment was in the regular course of employer's business."  *Id.*

D.   **Plaintiffs' Motion *in Limine* to Introduce Evidence of Workers' Compensation for the Limited Purpose of Establishing Employer-Employee Relationship (Doc. 59)**

Plaintiffs move to introduce evidence of Shamblin's workers' compensation claim and settlement for the limited purpose of establishing the identity of his employer. Plaintiffs acknowledge that under Pennsylvania law, evidence of workers' compensation claims usually falls under the collateral source rule, which precludes references to other sources of recovery at trial to avoid the possibility that an improper inference by jurors of double recovery might diminish an award of damages. *See, e.g. Walker v. Big Burger Restaurants, Inc.*, No. 09-532, 2010 WL 427736, at *3 (E.D. Pa. Feb. 2, 2010)( "The collateral source rule 'prohibits a defendant in a personal injury action from introducing evidence of the plaintiff's receipt of benefits from a collateral source for the same injuries which are alleged to have been caused by the defendant.'") (citing *Collins v. Cement Express, Inc.,* 301 Pa. Super. 319, 447 A.2d 987, 988 (Pa. Super.1982); *Simmons v. Cobb,* 906 A.2d 582, 585 (Pa. Super.2006). *See also Gallagher v. Pennsylvania Liquor Control Bd.*, 883 A.2d 550, 551 (Pa. 2005). They assert that "although evidence of a plaintiff's recovery is generally inadmissible . . . an exception exists if the evidence of such recovery is relevant to a material issue in the case." *Gallagher,* 883 A.2d at 557. As such, Plaintiffs argue that they should be permitted to introduce evidence from the worker's compensation claim, which contradicts the argument that Nomac Drilling, L.L.C. was Shamblin's employer, "minus the actual monetary amounts." (Doc. 59, 6). The Court will defer ruling on this motion to introduce evidence until the time of trial.

E.   **Defendants' Motion *in Limine* to Prohibit Evidence in Support of Punitive Damages (Doc. 63)**

Defendants move to prohibit Plaintiffs from presenting evidence of Punitive Damages. Defendants assert that Plaintiffs only mention "exemplary damages" once in the Complaint and have failed to allege facts other than those which would constitute ordinary

negligence, and therefore the Court should prohibit evidence in support of Punitive Damages. In support of their position, Defendants recite the Requirements of Federal Rule of Civil Procedure 8(a)(2) and state that punitive damages are an extreme remedy available only in exceptional matters. This motion will be deferred until the time of trial.

**F.    Defendants' Motions *in Limine* to: Preclude Discussion of Defendants' Involvement in Public Matters and Other Cases (Doc. 62), Preclude Discussion of the Joint Representation of Defendants (Doc. 66), and Preclude Discussion of Fracking (Doc. 61)**

Defendants move under Federal Rules of Evidence 402 and 403 to preclude allegations or evidence concerning other lawsuits or public matters in which Defendants are involved, anticipating that Plaintiffs will attempt to raise such matters. Under the same Rules, Defendants move to preclude any discussion that Defendants are represented by the same law firm or the fact that Defendants' filed consolidated responses to discovery. Defendants again move under the same rules to preclude references to fracking as irrelevant. They argue that the word "fracking" will undoubtedly invoke polarizing emotions in the hearts of jurors and would cause confusion of the issues and mislead the jury.

Based on Plaintiffs' representations at the pre-trial conference, these motions will be denied as moot.

## IV. Conclusion

For the above stated reasons, Defendants' Motion to Bifurcate the Issue of Workers' Compensation Immunity (Doc. 45), Defendants' Motion *in Limine* to Preclude Testimony of Rosalyn Pierce and Strike Her Report (Doc. 56), and Defendants' Motion *in Limine* to Preclude Evidence that Nomac Drilling, L.L.C. Was Not Plaintiff's Employer (Doc. 58) will be denied. Plaintiffs' Motion *in Limine* to Introduce Evidence of Workers' Compensation for the Limited Purpose of Establishing Employer-Employee Relationship (Doc. 59) and Defendants' *Motion in Limine* to Prohibit Evidence in Support of Punitive Damages (Doc.

63) will be deferred until the time of trial.  Defendants' Motions *in Limine* to: Preclude Discussion of Defendants' Involvement in Public Matters and Other Cases (Doc. 62), Preclude Discussion of the Joint Representation of Defendants (Doc. 66), and Preclude Discussion of Fracking (Doc. 61) will be denied as moot.

    An appropriate Order follows.

| | |
|---|---|
| May 6, 2014 <br> Date | /s/ A. Richard Caputo <br> A. Richard Caputo <br> United States District Judge |